FLEMING VS. THE HARTFORD FIRE INSURANCE COMPANY.

INSURANCE AGAINST FIRE. *Acts and assurances of mere surveying agent.*

In an action upon a parol contract of insurance alleged to have been entered into by defendant through its agent B., it appeared that B. was not in fact authorized to make contracts of insurance, but merely to receive and forward applications, deliver policies sent to him, and collect premiums thereon; that when he took plaintiff's application, no money was paid, but the understanding was that the premium should be paid on the receipt and delivery of the policy; that B. then assured plaintiff that the insurance would take effect from the date of the application; that he was in fact authorized to make insurance take effect from the time of the application, subject to the approval of the general agent, upon a certain class of property, but that the property here in question was not of that class; and that plaintiff's risk was not accepted by the general agent, but was rejected by him after the property was burned, but before he had knowledge of the fact. There was no evidence that defendant ever held B. out as clothed with authority to take risks for it, or that it knew that he was acting beyond his authority; and plaintiff knew that B. had no authority to issue the policy, but that it was to be issued by the general agent upon his approval of the application; and he took additional insurance in another company in consequence of the delay in receiving a policy from defendant, although B. assured him that his insurance with defendant was valid. *Held*, that there was no valid contract of insurance between the parties.

APPEAL from the Circuit Court for *Pierce* County.

Action upon a contract of insurance against loss by fire upon plaintiff's building, alleged to have been entered into by the defendant through its agent, one Brackett, with the plaintiff, on the 4th of October, 1875. The complaint alleges due authority in the agent, a valuable consideration, the agreed amount of insurance and premium, and that defendant, by the agreement, was to execute and deliver to plaintiff a policy in the usual form of policies issued by it, insuring the building for one year from the date above named. It further alleges that on the 10th of said October, plaintiff procured from the Continental Fire Insurance Company additional insurance

upon said building for a year from that date, to the amount of $5,000; that about the 13th of the same month, Brackett, in defendant's behalf, demanded of plaintiff that he surrender to said Continental Insurance Company, and procure to be canceled, the last mentioned policy, for the reason that, with the insurance theretofore effected on said building, including that effected by defendant, the insurance was excessive, and that defendant would not permit said policy of the Continental Company to be continued in force; that Brackett accompanied this demand with repeated and positive assurances that said insurance by defendant upon plaintiff's building was valid and binding upon defendant, and that, if plaintiff would relinquish the Continental policy, he might confidently rely upon said insurance by defendant, for indemnity in case of the loss of said building by fire within one year from said 4th day of October; that plaintiff, relying implicitly upon this assurance, and induced solely thereby, did surrender and procure to be canceled said policy of the Continental Company; and that afterwards, on the 17th of said month of October, said building was totally destroyed by fire, whereby plaintiff sustained a loss of $12,000. The complaint further recites the promises and conditions usually contained in defendant's policies of insurance; alleges fulfillment of all conditions to be per-formed on his part, and refusal by defendant, on demand duly made, to issue a policy to the plaintiff, or pay him the sum of $5,000, or any part thereof, on said loss; and it demands judgment for that sum and interest. The answer denied all the material allegations of the complaint.

The facts shown by plaintiff's evidence, as understood by this court, will sufficiently appear from the opinion. On defendant's motion, the circuit court rendered a judgment of nonsuit; and from this judgment the plaintiff appealed.

For the appellants, a brief was filed by *H. C. Baker, J. C. Spooner* and *Allen P. Weld*, and the cause was argued orally by *Mr. Spooner*. They contended, in substance, that, in view

of the positive assurances given by Brackett of his authority, the evidences of authority with which the company had clothed him, the total lack of *indiciæ* of limited authority, and the constant habit of business of the agent during the five years preceding October 4, 1875 — all well adapted to mislead the most prudent man,— the defendant should be held bound by his acts. Dunlap's Paley, \*198–\*202; Pothier on Oblig., n. 79; 2 Kent's Com., 521, note (c); Wharton on Neg., §§ 26, 72; Wharton on Agency, 123; May on Ins., 622, § 509; *Schimmelpennich v. Bayard*, 1 Pet., 290; *Insurance Co. v. Wilkinson*, 13 Wall., 222; *Ripley v. Cochran*, 10 Abb. Pr., N. S., 52; *McEwen v. Ins. Co.*, 5 Hill, 101; *Lightbody v. Ins. Co.*, 23 Wend., 18; *Commercial Bank v. Kortright*, 22 id., 348; *S. C.*, 20 id., 91; *Johnson v. Jones*, 4 Barb., 369; *Edwards v. Schaffer*, 49 id., 291; *Boos v. Ins. Co.*, 6 N. Y. S. C., 364; SELDEN, J., in *Griswold v. Haven*, 25 id., 602; *Farmers M. Fire Ins. Co. v. Marshall*, 29 Vt., 23; *Ætna Ins. Co. v. Maguire*, 51 Ill., 342; *St. L. & M. Packet Co. v. Parker*, 59 id., 23; *Smith v. Supervisors*, id., 413.

*J. W. Lusk*, for the respondent, contended, upon the evidence, that plaintiff was aware of the limitation on Brackett's authority; and that the defendant company was not bound by the acts or assurances of its mere surveying agent, whom it had never held out as possessing any other authority. *Winnesheik v. Holzgrafe*, 53 Ill., 516; *Chase v. Ins. Co.*, 22 Barb., 527; *Markey v. Ins. Co.*, 103 Mass., 93; *Wilson v. Ins. Co.*, 14 N. Y., 420; *Morse v. Ins. Co.*, 21 Minn., 407.

COLE, J. In this case the nonsuit was granted on the ground that there was no sufficient evidence for the jury to have found, if the cause had been submitted to them, that the plaintiff had made a valid contract of insurance with a duly authorized agent of the company, as alleged in the complaint. The defendant's counsel admitted that a parol contract of insurance was as valid and binding as one in writing, when made by an

agent authorized to effect insurance and issue policies; but he insisted that the evidence clearly showed that the agent Brackett, with whom the business was transacted, had no such authority, and that this fact was, or should have been, known by the plaintiff. It appears that the company has two systems of agencies in the country — one called a recording agency, established in places large enough to warrant it, where the agent has authority to make contracts of insurance, issue and cancel policies, and keep a record of the business transacted by him; the other called a surveying agent, who is merely authorized to receive and forward applications for insurance to the proper office, deliver policies sent to him issued on such applications, and collect premiums thereon, but has no authority to issue policies under any circumstances. Brackett was a surveying agent, and received and forwarded the plaintiff's application to the general agent at Chicago for approval and for a policy thereon; and the fact is indisputable that he assured the plaintiff that the insurance would take effect from the date of the application. No money was, however, paid at the time, the agreement or understanding being that the premium was to be paid on the receipt and delivery of the policy. According to the rules or instructions of the company, in case of risks on detached dwellings or farm property, the surveying agent might make the insurance take effect from the time of the application, subject to the approval of the general agent; but the property in question was not of that class. The plaintiff's risk was not accepted by the general agent, he having rejected it after the hotel was burned, but before he had any knowledge of that fact. Brackett testified, in substance, that when he took the plaintiff's application, he was acting as recording agent for other companies, for which he made contracts of insurance and issued policies, and that he did, in fact, at this time, issue to the plaintiff a policy in the Franklin Insurance Company. He says that, in effecting contracts of insurance, he made no distinction between those companies that he

had the right to issue policies for, and the defendant, having the idea that he had the right to make applications for both alike. But there is really no evidence to show that any officer of the defendant had notice that he was transacting business contrary to his instructions — if he did so,— or knew that he was assuming to act in any other manner than as authorized; nor is there any ground for saying that the company held him out to the world as clothed with authority to take risks for it and make valid contracts of insurance. Further, it appears to us that there were facts attending the transaction of the business sufficient to charge the plaintiff, as a person of ordinary prudence, with knowledge of the restricted authority of the agent with whom he was dealing. The plaintiff certainly had notice that Brackett could not issue the policy for the defendant; that his application must be forwarded to the general agent for approval, and the policy issued by such agent if the risk were accepted. There was likewise what took place before the loss, when he procured additional insurance in the Continental Insurance Company, because of the delay in receiving the policy of the defendant, and the subsequent surrender of that insurance. It is very true that Brackett then gave positive assurance that the insurance by the defendant was valid; but the plaintiff had no right, under the circumstances, to rely upon these declarations as binding upon the company. If he did not actually know that Brackett had no power to accept risks, agree upon and settle terms of insurance, and carry them into effect by a valid parol agreement, as a prudent and ordinarily careful person, he was bound, in view of what took place, to inquire as to the extent of the authority of the agent with whom he was dealing. It will be borne in mind that the plaintiff had received from Brackett a policy in the Franklin Insurance Company; had become anxious about the delay in getting a policy on his application for insurance in the defendant company; and had taken out additional insurance in the Continental in lieu of it — things which

Fleming vs. The Hartford Fire Ins. Co.

it seems strange he should have done if he really supposed there was a binding parol agreement made with the defendant to insure his hotel in the first instance. And, though told by Brackett that the insurance in the defendant company was " all right," would take effect from the " date of the application," etc., still he had no right to rely upon these declarations as binding the company. If he had, then a person might in any case rely upon the representations and declarations of an agent, however restricted his powers, and all limitations upon the authority of the agent would be idle and nugatory. We have, in many cases, substantially enforced the rule laid down by the supreme court of Illinois, in *Ætna Insurance Co. v. Maguire*, 51 Ill., 342, cited by plaintiff's counsel, that where an insurance company appoints an agent authorized to take risks, issue policies and represent the company in effecting insurance, and the agent, by his acts or declarations, known and acquiesced in by the company, induces the public to believe he is vested with power necessary to do the act or waive the condition, the company is bound by the acts of such agent. But the plaintiff does not bring his case within that rule; for here the company had appointed Brackett as a surveying agent merely, and had no notice that he was violating his instructions in any manner, or was acting in a way not authorized about its business. We therefore think the jury would have had no right to find upon the evidence, had the cause been submitted to them, that the plaintiff made a valid contract of insurance with a duly authorized agent of the defendant, as claimed in the complaint.

It follows from this view that the nonsuit was right and must be affirmed.

*By the Court.* — Judgment affirmed.