(Decided 27th June, 1878.)

# George S. Harp *vs.* The Grangers' Mutual Fire Insurance Company of Frederick County.

*Rejection of application for Insurance against Fire—Rejection within a Reasonable time—What does not constitute a Contract of Insurance.*

The appellee was incorporated on the 24th of July, 1876, and on the 7th of August following application was made by the appellant for insurance, among other things, on his house, the application being subject to the approval of the Board of Directors. The application was handed to one of the directors on the 9th of August, and on the 12th of the same month, as he thought, he delivered it to the Secretary of the Company or laid it on his desk; a quorum was not present at the time and no business was done. A special meeting of the Directors was held on the 19th of August, but the application was not considered. On the 30th of August the house was destroyed by fire. At the first regular meeting of the Executive Committee, held on the 25th of September following, the application was rejected, and this action of the Committee was subsequently approved by the Board of Directors. In an action by the appellant to recover the amount of the alleged insurance on his house, from the appellee, it was Held:

1st. That the company had not failed to act upon the application within a reasonable time, and its conduct was not calculated in any manner to mislead the plaintiff.

2nd. That there was no contract of insurance upon which an action could be maintained.

Appeal from the Circuit Court for Frederick County.

This action was brought by the appellant against the appellee on an alleged contract for insurance to recover

the insured value, as specified in the application for insurance, of the plaintiff's house which was destroyed by fire. The applicant paid for the survey and policy, and his membership fee, and gave his premium note. After the rejection of the application, the Board of Directors of the appellee ordered that the money which the appellant had paid should be returned to him. Exceptions were taken both by the plaintiff and defendant to the rulings of the Court below as to the admissibility of evidence. The following exception to the granting of the defendant's prayer need only be inserted:

*Plaintiff's Eighth Exception.*—The defendant prayed the Court to instruct the jury upon the pleadings and evidence, that there was no legally sufficient evidence to sustain the plaintiff's case, and their verdict must be for the defendant.

The Court (LYNCH and BOUIC, J.) granted the prayer and the plaintiff excepted ; and the verdict and judgment being against him, he took this appeal. The case is further stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY and ROBINSON, J.

*Milton G. Urner,* for the appellant.

*Wm. P. Maulsby, Jr.* and *C. V. S. Levy,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee was incorporated on the 24th of July, 1876, and on the 7th day of August following, application was made by the appellant for insurance on his house, the said application being subject to the approval of the Board of Directors.

On the 30th day of August, the house was destroyed by fire, and on the 25th of September the application of the

appellant was rejected by the executive committee of the appellee, and this action of the committee was subsequently approved by the Board of Directors.

This suit is brought by the appellant against the appellee, to recover damages for the loss sustained by the fire. In support of the action it is contended, that it was the duty of the Company either to have accepted or to have rejected the application for insurance within *a reasonable time;* and if it failed to do so, and the plaintiff suffered loss in consequence of such negligence, the law will imply an acceptance of the application, and hold the company liable for the loss occasioned by the fire.

How far and under what circumstances an acceptance of an application for insurance may be implied from the neglect of a company to act upon it within a reasonable time, is a question not necessary to be decided in this case, for conceding the law to be as contended for by the appellant, without meaning however so to decide, the record fails to show any such negligence on the part of the company as to entitle the plaintiff to recover.

The application was delivered to one of the directors on the 9th of August, and by him taken to Middletown, the company's place of business, and on the 12th day of the same month, as he thought, he delivered it to the secretary of the company, or placed it on his desk. A quorum of the Board of Directors was not present. On the 19th of the same month, a meeting of the Board was held for the transaction of *special business*, and no action was taken at that time upon the application. On the 25th of September, being the first regular meeting of the executive committee, the application was rejected, and this action of the committee was approved by the Board of Directors.

Now it can hardly be said under these circumstances, that the company failed to act upon the application within a reasonable time, or that its conduct was calculated in any manner to mislead the appellant. It must be borne

in mind also, that the appellant is a *mutual insurance* company, organized for the mutual protection of its members against losses by fire, and it is well known that in accepting or rejecting applications for insurance, such companies are governed by other considerations than the mere insurable character of the property itself.

Being of opinion that there is no contract of insurance in this case upon which a suit can be maintained, it is unnecessary to consider the rulings of the Court below upon the pleadings and in regard to the admissibility of evidence, questions which were discussed with so much ability by the counsel on both sides.

*Judgment affirmed.*

(Decided 27th June, 1878.)