WALKER v. THE FARMERS' INS. CO.

1. Insurance: APPROVAL OF APPLICATION. The giving of an application for insurance to an agent of the company authorized to receive applications only, and the execution of a premium note, do not constitute a contract for insurance. To create such a contract the approval of the company is necessary.

2. ———: ———: NEGLIGENCE. In an action upon a contract of insurance the plaintiff cannot recover for the negligence of the company's agent in failing to duly forward the application to the company.

*Appeal from Cedar Circuit Court.*

WEDNESDAY, OCTOBER 8.

ACTION upon a certain contract for insurance. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Wolf & Landt* and *Blake & Hormel*, for appellant.

*C. E. Wheeler* and *Piatt & Carr*, for appellee.

BECK, CH. J.—I. The petition, so far as its averments need be stated, in the view we take of the case, alleges that defendant undertook and agreed to insure plaintiff against loss or damage by fire for the period of three years, * * * * * * * * and within a reasonable time to issue and deliver to plaintiff a policy of insurance, in the usual form;

that the plaintiff paid the premium in accordance with the contract, by making and delivering to defendant a promissory note, and that defendant has failed and refused to deliver to plaintiff a policy, as it agreed and was bound to do. Other averments of the petition relate to the loss of the property, notice thereof, etc., which need not be here set out.

The answer of defendant denies the existence of the contract sued upon. It avers that the promissory note executed by plaintiff was not given in payment of the premium, but only as a part of the application therefor; that neither the application nor note was ever received by defendant, or acted upon or approved, and that the agent to whom these papers were delivered had no authority to bind defendant by any contract whatever.

There was evidence tending to show that plaintiff made application to one Wallick for insurance, and executed and delivered to him a written application, in due form, containing proper descriptions and representations of and concerning the property to be insured. The application contains a stipulation, to the effect that the note given for the premium shall be considered as payment therefor, provided it be paid at or before maturity; but if any loss occurs, and the note should be due and unpaid, the policy to be issued shall become void. The agent of defendant executed and delivered to plaintiff a receipt for the application and note. It provides that the note shall be returned if a policy be not issued. There was evidence tending to prove that the agent of defendant represented to plaintiff that the application and note constituted a contract of insurance, and that plaintiff was, by virtue of these instruments, in fact insured. The evidence also tends to show that the note and application were not delivered by the agent to defendant, and that defendant first obtained knowledge of their existence when presented to it after the destruction of the property, twenty-five days after the papers were executed.

II. The court gave the following instruction: "6. If you

Walker v. The Farmers' Ins. Co.

find from the evidence that the application of the plaintiff

1. INSURANCE: approval of application. for insurance was in writing, and she then gave a note for the premium, also in writing, and took a receipt for the note and application, also in writing, and all submitted in evidence before you, then the said receipt and application together constituted the contract then made, which the plaintiff cannot vary or alter by any verbal statement or stipulations made or entered into before or at the time of the execution of said receipt or application."

This instruction, in our opinion, is erroneous. The application, note and receipt did not constitute a contract binding upon defendant, in the absence of approval of the application and acceptance of the proposition for insurance contained therein. The application is what the name imports, a proposition for a contract of insurance upon the property, according with the terms set out therein. To bind defendant there must have been the acceptance of the proposition whereby it entered into the contract sought in the application. The defendant had the right to reject the application. The receipt expressly so provided. These papers, then, in the absence of acceptance (approval) by defendant, do not constitute a contract. The instruction is, therefore, clearly erroneous. The fifth instruction asked by defendant should have been given, as it presents the correct rule upon this point of the case.

III. Another instruction is as follows: "10. If you find that Wallick was an agent with limited and restricted au-

2. ——: ——: negligence. thority, having power only to receive and forward applications to the company for their approval or rejection, then, as such, he would be held to the use of ordinary diligence, and the defendant would be liable for his negligence in the performance of such duty; and if you find that said agent neglected to forward such application for rejection or approval within a reasonable time, considering all the circumstances, then the defendant must be held liable for any loss occasioned by such neglect."

It may be, but the point we do not decide, that defendant is liable for the neglect of its agent as contemplated in this instruction; but in order to recover for such negligence the action must be based thereon and the petition must so declare. The petition in this case declares upon a contract for insurance. This instruction contemplates liability of defendant on account of the negligence of defendant's agent in not forwarding to defendant the application and other papers. No issue as to negligence was raised by the pleadings. The court, therefore, erred in submitting to the jury by this instruction the question of the agent's negligence.

IV. At the trial the plaintiff was permitted, against defendant's objection, to introduce in evidence the declaration and acts of defendant's agent. He was present at the fire, and the acts and declarations occurred at that time and place. They were clearly inadmissible. They are not competent to establish the contract, for they occurred more than twenty-five days after, as plaintiff claims, the contract was made; and it is not shown that the agent was acting within the scope of his agency at the time. Indeed, it appears that he was not, for his own powers as the agent were confined to taking applications for insurance. He had no other powers.

Other questions discussed by counsel need not be considered, as the judgment of the Circuit Court for the errors pointed out must be

REVERSED.