[No. 13754.    Department Two. — February 12, 1891.]

## M. L. HARRON, RESPONDENT, v. CITY OF LONDON FIRE INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — PAROL CONTRACT — AUTHORITY OF SPECIAL AGENT — IN-STRUCTIONS FROM GENERAL AGENT. — Power given to a special agent of a fire insurance company to receive proposals for insurance, and to receive premiums, subject to the rules of the company and to the instructions given by its general agent, includes power to make a parol contract for insurance sanctioned by instructions from the general agent.

ID. — WAIVER OF WRITTEN APPLICATION — ORAL PROMISE OF POLICY — PROOF OF AGENT'S AUTHORITY. — A declaration by the special agent to the assured, made at the time of his application for insurance, that it was unnecessary for him to make a written application, as the general agent was asking for the insurance, and a promise by the special agent that a policy should be given to the assured which would cover the insurance applied for from the date of the oral application, taken in connection with letters from the general agent asking if the insurance would be required, and promising to give attention to it, and to place the insurance in any companies specially desired, is sufficient proof of the special agent's authority to bind the company for insurance from the date of the oral application.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow*, for Appellant.

The commission to the special agent did not confer power to make contracts of insurance. (*Critchett v. American Ins. Co.*, 53 Iowa, 404; 36 Am. Rep. 230; *Armstrong v. State Ins. Co.*, 61 Iowa, 215, and cases cited; *Putnam v. Ins. Co.*, 145 Mass. 265; *Morse v. St. Paul F. & M. Ins. Co.*, 21 Minn. 407; *Insurance Co. v. Johnson*, 23 Pa. St. 73.) The letters of the general agent were not sufficient to authorize the special agent to make a contract of insurance binding this particular company. The letters were mere offers by Callingham, in his personal capacity, to place insurance at the direction of Blodget. (*Sargent v. Nat. Fire Ins. Co.*, 86 N. Y. 626; *Hutchinson v. State Investment & Ins. Co.*, 53 Cal. 622.) An agent

has no authority to issue a policy after a loss occurs. (*People* v. *Dimick*, 41 Hun, 632; *Blake* v. *Hamburg-Bremen F. Ins. Co.*, 67 Tex. 160; *Bentley* v. *Columbia Ins. Co.*, 17 N. Y. 421.) A special agent cannot vary from the power granted, and persons dealing with him must at their peril look to his authority. (*Holbrook* v. *McCarthy*, 61 Cal. 216–220; *Harrison* v. *Ins. Co.*, 9 Allen, 231; 85 Am. Dec. 751.)

*Haggin, Van Ness & Dibble*, for Respondent.

The commission giving the power to fix rates and receive money conferred authority upon the local agent to make contracts of insurance and to bind the company by his declarations. (*Palm* v. *Medina Fire Ins. Co.*, 20 Ohio, 529; *Kruum* v. *Jefferson Fire Ins. Co.*, 40 Ohio St. 225; *Cooke* v. *Etna Ins. Co.*, 7 Daly, 555; *Insurance Co.* v. *Wilkinson*, 13 Wall. 222.) In the cases cited by appellant, the power did not extend to fixing rates of premium. Blodget had special authority to make this contract. Any uncertainty in the letters of the general agent is to be interpreted most strongly against the company. (Civ. Code, sec. 1654.) The authority to select any companies desired included authority to select the defendant company.

MCFARLAND, J. — This is an action to recover five thousand dollars upon an alleged parol contract for the insurance of furniture, etc., in the Southern Hotel, at Bakersfield, in Kern County. The verdict and judgment were for plaintiff, and defendant appeals.

The defendant is a corporation organized under the laws of Great Britain, and does business in the Pacific states and territories under the management of W. J. Callingham, and its head office under his charge is in San Francisco. It has local agents in various cities and towns, and on July 6, 1889, its agent at Bakersfield was, and for a long time had been, H. A. Blodget. On that

date a small fire occurred in the Southern Hotel, of which plaintiff was lessee, and in which she had a large amount of furniture and other personal property. The hotel was conducted and managed by her brother, W. H. Harron, who was her general agent for that purpose. Being alarmed at the occurrence of the fire, her said agent went to said Blodget in the afternoon of said July 6th, and told him that he wanted an insurance on said furniture, etc., to take effect immediately, and that if he could not obtain it from him he would go elsewhere; and it is clear that the jury were warranted by the evidence in finding that a contract of insurance on said property for one year, for five thousand dollars, was then and there made by defendant with plaintiff, to take effect immediately, provided Blodget had the authority to make such contract for defendant. On the next day, July 7th, a general conflagration, not originating in said hotel, destroyed nearly the entire town, including plaintiff's said property, which was of a value exceeding five thousand dollars. The real question in the case is, Was the jury authorized by the evidence to find that Blodget had power to bind the defendant? (There are some minor points made about certain rulings of the court, but we do not think that in such rulings any material error was committed.)

Blodget had a written commission from defendant, which certifies that he is appointed agent of defendant, "with full power to receive proposals for insurance against loss or damage by fire in Bakersfield and vicinity, to fix rates of premium, and to receive moneys on behalf of the City of London Fire Insurance Company, Limited, of London, England, subject to the rules and regulations of said company, and *such instructions as may be given* from time to time by the general agents of the western department of the United States." (The foregoing words in quotation-marks are the only words in the instrument which either grant or restrict the powers of Blodget.) Appellant con-

tends that Blodget's powers must be determined by the
commission, and that it does not include the power to
accept applications, or to make any insurance contracts,
while counsel for respondent contends that such power
is fairly included in the language of the instrument.
We do not think it necessary to determine whether the
general scope of the commission, properly construed, in-
cludes the authority here questioned, because we think
that in this particular case there were " such instructions
. . . . given . . . . by the general agents " of defendant
as authorized Blodget to make the contract sued on.   Har-
ron testified that at the time of the contract he asked
Blodget: " Don't I want to make a written application? "
and was answered: " No; you are not asking for this in-
surance.   You are giving it to Mr. Callingham upon his
asking for it. . . . . I have letters from Mr. Callingham
asking for that insurance; consequently it is not neces-
sary for you to make a written application."   Blodget
testified that " I told him [Harron] that I could furnish
him insurance; that Mr. Callingham had asked for the
insurance on the furniture of the hotel; that I had prom-
ised to give it to him, and that I would send it to him,
and that it would cover from then."

Furthermore, it appears in evidence that defendant had
taken policies on the Southern Hotel; that on April 11,
1889, in a letter to Blodget about those policies, Calling-
ham wrote as follows: " I dropped you a line yesterday
asking if there would be some insurance required on the
hotel furniture and other contents of the building. . . . .
If any insurance is required as suggested, I shall be very
glad to give my attention to it "; and that on April 10th,
he had written to Blodget as follows: " If the furniture
of the Southern Hotel is to be insured, I could take care of
the whole line for you, and would place it in any companies
that you specially desire."   We think that this testimony
and evidence was sufficient to justify the jury in finding
that Blodget had authority to make the contract with

plaintiff, and that he did make it on behalf of defendant. There is no pretense that a written policy embracing the oral contract would not have been made *of the date of July 6th* if the fire had not taken place before it could have been done.  Callingham, when on the witness-stand, did not pretend that there was any other reason for rejecting the policy.  There is nothing in the point that the plaintiff's brother, and manager of the hotel, W. H. Harron, had no authority to act for plaintiff.

Judgment and order denying the motion for a new trial affirmed.

SHARPSTEIN, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.