## WEINFELD v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, E. D. Tennessee, S. D.   December 3, 1892.)

LIFE INSURANCE—CONDITION OF POLICY—WHEN BECOMES BINDING.

An applicant for insurance in a mutual life company paid the admission fee, and took a receipt therefor, which expressly provided that the policy should not go into effect until the application had been accepted and approved. The warranty paragraph in the application provided that the policy should not be in force until the actual payment to and acceptance of the annual dues, and the actual delivery of the policy to the applicant. The application was not accepted, nor were the annual dues paid. *Held*, that no binding contract was created.

In Equity. Bill by Rosa Weinfeld against the Mutual Reserve Fund Life Association. Dismissed.

Andrews & Barton, for complainant.
Richmond, Chambers & Head, for defendant.

KEY, District Judge. On the 20th of December, 1889, John Weinfeld made application for insurance with the defendant in the sum of $3,000, for the benefit of his wife, Rosa Weinfeld. He paid $15 as an admission fee. No policy ever issued, and he died March 12, 1890, in an insane asylum, and the bill is filed to recover the insurance.

Complainant insists that by the terms of the receipt for the admission fee the contract for insurance was complete, and was in force, until the company should notify the assured that the application had been rejected; and it is insisted that no such notice was given. I do not believe that the position of complainant's counsel can be maintained successfully under this record. The receipt is as follows:

"Received of John Weinfeld, of Chattanooga, Tennessee, fifteen dollars for the admission fee upon an application to the Mutual Reserve Fund Life Association, for a policy of insurance for $3,000.00, subject to its provisions and the constitution or by-laws, rules, and regulations of the association. It is hereby expressly understood and agreed that, if the application be not approved and accepted by the officers at the home office of the association, in the city of New York, it shall be held that no benefits have ever been created or acquired under this receipt; and the amount paid hereon will be refunded by me on return of this receipt."

Certainly, language could hardly be used which would more clearly stipulate that the insurance should not go into effect until the application had been accepted and approved by the home office. This receipt refers to the provisions of the application as being a part of the contract, and let us see what these are. In the warranty paragraph of the application it is stipulated thus:

"And the applicant further agrees that under no circumstances shall the certificate or policy hereby applied for be in force until the actual payment to, and acceptance of the annual dues by, the association, and actual delivery of the certificate or policy to the applicant, with a receipt for the payment of the first annual dues, signed by the president, secretary, or treasurer of the association, during the lifetime and good health of the applicant."

The application shows that $3 annually on each $1,000, payable in advance, is to be paid as annual dues, and, in the warranty paragraph referred to, the applicant agrees "to pay dues annually, in advance, at

the rate of $3.00 per thousand." The annual dues on $3,000 are $9. It is not claimed that anything was paid except the admission fee of $15, and the annual dues necessary to the life of the policy were never paid, nor the policy delivered. It was not to be delivered until these dues were paid, and receipted for by the president, secretary, or treasurer of the association. Again, upon the second page of the application, we have these words by the applicant: "Should this application for membership be accepted, I do thereupon constitute and appoint Edward B. Harper my attorney," etc.

The receipt for admission fees and the application for insurance are parts of the same transaction, and show clearly and distinctly that the application was a mere proposition for insurance, submitted to the home office for its action and determination, and has never been accepted by it. The minds of the parties never met, and no contract was made. This view of the case is sustained by the following decisions: Kohen v. Association, 28 Fed. Rep. 705; Misselhorn v. Same, 30 Fed. Rep. 545; Wood v. Insurance Co., 32 N. Y. 619; Baker v. Insurance Co., 43 N. Y. 284.

Bacon on Benefit Societies and Life Insurance (section 272) says:

"If the application provides that the policy shall not be in force until it is delivered to the applicant, the contract of insurance will not become binding upon the company until delivered."

See, also, Giddings v. Insurance Co., 102 U. S. 110–112. It is ordered that the bill be dismissed, at complainant's cost.