[No. 18349.   Department One.—July 24, 1895.]

## THOMAS H. O'BRIEN, Respondent, *v.* NEW ZEALAND INSURANCE COMPANY, Appellant.

Fire Insurance—Application by Saloonkeeper—Authority of Local Agent—Liability of Principal.—Where an application for fire insurance upon a saloon and fixtures was made by a saloonkeeper to the defendant's local agent, who, under his commission as agent, had no authority to enter into a contract of insurance, but who was appointed as a subagent merely to receive proposals for insurance, and fix rates of premium, and receive money for policies and certificates of insurance, and who knew that the insurance company did not take insurance upon saloons, the company is not liable for loss of the property by fire between the time of the making of the application and the time of the mailing of it to the company for its approval.

Id.— Statement by Local Agent without Authority — Beginning of Insurance.—Where the local agent told the plaintiff that he had no power to write policies, and that the application would have to be forwarded to the company, and he had neither actual nor ostensible authority to make a contract of insurance, the fact that at the time of the application he told plaintiff that his insurance would begin at that time, could not bind the company to any contract of insurance as of that time, and could only mean that the policy would take effect as of the date of the application, if the application was accepted by the company.

Id.—Delegation of Authority by Special Agent.—A special agent of an insurance company who is not authorized to enter into contracts of insurance cannot delegate authority to a subagent to enter into such contracts.

Appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. M. K. Harris, Judge.

The facts are stated in the opinion of the court.

*W. S. Goodfellow*, and *L. L. Cory*, for Appellant.

The local agent Peters had no authority to make contracts of insurance. (*Stewart* v. *Helvetia etc. Ins. Co.*, 102 Cal. 218.)

*J. P. Meux*, for Respondent.

A verbal contract of insurance is binding upon the company. (*Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216;

*Baile* v. *Insurance Co.*, 21 Am. Law. Rev. 37; *Hardwick* v. *State Ins. Co.*, 20 Or. 547; *Gold* v. *Sun Ins. Co.*, 73 Cal. 216; *Harron* v. *City of London Fire Ins. Co.*, 88 Cal. 16.) Where an agent agrees to issue a policy and tells the applicant he may consider himself insured the contract is complete without prepayment of premium, although the policy when issued may contain a provision that it shall not be binding until the premium is paid. (*Kelly* v. *Commonwealth Ins. Co.*, 10 Bosw. 82; *Cooper* v. *Pacific Mut. Ins. Co.*, 7 Nev. 116; 8 Am. Rep. 705.) A local agent remote from the place of business of the principal has a wider range of discretion than one residing near the principal. (May on Insurance, secs. 120, 126.) A subagent appointed by a general manager has all the authority of the manager in respect to persons dealing with him without knowledge of any limitations on his authority. (May on Insurance, sec. 154.) An agent has such authority as is actually or ostensibly conferred upon him by his agent. (Civ. Code, secs. 2315–20; May on Insurance, secs. 154, 509; *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 342; *City of Davenport* v. *Peoria etc. Ins. Co.*, 17 Iowa, 276; *Palm* v. *Medina etc. Ins. Co.*, 20 Ohio, 537; *Ellis* v. *Albany City Ins. Co.*, 50 N. Y. 402; 10 Am. Rep. 495; *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *Hardwick* v. *State Ins. Co.*, *supra*.) The plaintiff is entitled to recover whether the contract be regarded as a contract of insurance or is one binding the company to issue its policy. (*Gold* v. *Sun Ins. Co.*, *supra; Farnum* v. *Insurance Co.*, 83 Cal. 256; *Harron* v. *City of London Fire Ins. Co.*, *supra; Hardwick* v. *State Ins. Co.*, *supra; Baile* v. *Insurance Co.*, *supra*.)

Garoutte, J.—This is an action upon a contract of fire insurance, and defendant is appellant, as is usual in that class of cases. One Peters was defendant's local agent in the town of Reedly, Fresno county, and under his commission as agent he had no authority to enter into a contract of insurance. But he was appointed subagent "to receive proposals for insurance, and fix

rates of premium, and to receive money for policies and certificates of insurance."

Upon July 2, 1892, plaintiff O'Brien made a written application to Peters, upon one of defendant's blanks, for insurance upon his saloon, building, and fixtures. This application, accompanied by a letter from Peters, was deposited in the postoffice July 5th, addressed to defendant at San Francisco. The letter referred to the inclosed application, with the suggestion that the company should place the insurance, if it was deemed advisable. The plaintiff's building was occupied as a liquor-saloon, and defendant did not take insurance upon saloons, and the agent, Peters, knew this fact. When the application was made the agent informed plaintiff that he was insured from that time. Upon July 4th, which was between the time of the making of the application and the time when the application was mailed to defendant, the property was destroyed by fire. It thus appears that the building was destroyed not only before the application for insurance was passed upon by the defendant, but before the application was ever heard of by the company.

As suggested, the agent Peters had no authority to enter into a contract of insurance with plaintiff. His powers did not go to that extent. Under a commission of authority in all material respects similar to the authority possessed by Peters it was held, in *Stewart* v. *Helvetia etc. Fire Ins. Co.*, 102 Cal. 218, that the agent had no actual authority to enter into a contract of insurance. In that case it was an application for the renewal of a policy, and the court said: "The proposal of plaintiff made to such agent for a renewal of said policy was, until communicated to and accepted by defendant, nothing more than a mere offer upon the part of plaintiff to renew such policy." That there was no actual contract of insurance in this case, as far as defendant is concerned, is apparent at a glance, for the contract could only be made with the defendant, and the defendant knew nothing of it. The defendant had the right to

reject the application when presented, and until it was presented and granted no contract was possible. If there was a contract of insurance in force from July 2d until the application reached the defendant, then it was equally in force after that time and during the entire period covered by the policy; but such a construction would deprive the defendant of the right to reject unsatisfactory applications, and place the power of contracting in the hands of agents like Peters, a result diametrically opposed to its purposes and practices.

Peters was not only lacking in actual authority to enter into a contract of insurance with plaintiff, but the evidence fails to show any ostensible authority in him. Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess. (Civ. Code, sec. 2317.) Certainly in this case the company did not intentionally cause plaintiff to believe that Peters had authority to make a contract of insurance, and there is not a word in the evidence to indicate a want of ordinary care upon defendant's part which caused or allowed plaintiff to believe that Peters was clothed with any such authority. It would seem to follow inevitably that, this agent having neither actual nor ostensible authority to make a contract of insurance, plaintiff must fail of recovery.

The agent, Peters, told plaintiff that he had no power to write policies, and that the application would have to be forwarded to defendant at San Francisco. This statement would indicate that Peters did not attempt to enter into a contract of insurance with plaintiff, and that plaintiff probably so understood it. If this were all the evidence there could hardly be a question about it; but it appears that Peters, at the time of the application, told plaintiff that his insurance would begin at that time. While this statement may have resulted in misleading plaintiff, it could have no possible binding effect upon the company defendant. At best it was but the agent's conclusion as to the legal effect of the trans-

action, and any loss suffered by plaintiff by reason of this mistake of the agent is a matter to be settled between them. A reasonable view of the meaning of the agent's language would seem to be that the policy would take effect as of the date of the application, if the application were accepted, for, until action upon it by the company, it was impossible to say whether or not it ever would take effect.

It is attempted to bring this case within the principle declared in *Harron* v. *City of London Fire Ins. Co.*, 88 Cal. 16, but the facts do not justify it. Borchers, the special agent of the company, was not authorized to enter into contracts of insurance. He had no more authority in this regard than the subagent, Peters, and, not having power to enter into contracts himself, he necessarily had no authority to delegate such a power to Peters. His appearance upon the scene, pending the negotiations for this insurance, fails to strengthen the plaintiff's case. Looking at the case from all sides, we think it would be a manifest injustice to require defendant to pay the loss suffered by plaintiff. This company did not insure saloon buildings, and the application would most probably have been rejected, as far as defendant was concerned, upon presentation. We conclude the defendant assumed no risk and is liable for no loss.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.