## SHAWNEE MUT. FIRE INS. CO. v. McCLURE et al.

No. 2790. Opinion Filed June 19, 1913.

Rehearing Denied November 4, 1913.

(135 Pac. 1150.)

1. **INSURANCE—Contract—What Constitutes.** On October 11, 1909, M. executed and delivered to C., a soliciting agent, an application to an insurance company for certain insurance against loss by fire. The agent had the limited authority "to solicit said application * * * receive same, together with settlement of premium, investigate property to be insured, prepare diagram, make survey, recommend risk and forward same to the defendant company for acceptance or rejection, but did not have authority to issue policies of insurance." The agent gave a receipt for the application and premium, which provided "all of which are to be returned if policy be not issued." The application was forwarded from Bennington, Okla., to Shawnee, Okla., and was received by the company on October 15, 1909. Upon receipt the company immediately wrote to the agent at Bennington, asking information as to certain other insurance on the same property disclosed in the application. The property burned October 17, 1909, before a reply to its letter had been received. After the fire the application was rejected, and a return of premium offered, which was refused. **Held**, that there was no contract of insurance, and no liability on the part of the insurance company on account of the loss of the property.

2. **SAME—Acceptance.** The making of an application for insurance, subject to the approval or rejection of the company to

which it is made, is merely a step in the creation of a contract to insure. When the application is made out and forwarded to the company, it is not yet a contract of insurance; it has then only attained the position of a proposition on one side. It requires an acceptance by the other side before it can be said that the minds of the parties have met upon the terms of a contract to insure.

3.    SAME—Essentials—"Contract of Insurance." To constitute a binding "contract of insurance," there must be a meeting of the minds of parties with authority to contract as to the premises and the risk, the amount insured, the term the insurance is to continue, and the amount of the premium.

(Syllabus by Brewer, C.)

*Error from District Court, Bryan County;*
*Jas. R. Armstrong, Judge.*

Action by N. B. McClure and another, against the Shawnee Mutual Fire Insurance Company, a corporation. Judgment for plaintiffs, and defendant brings error. Reversed and dismissed.

*Stanard, Wahl & Ennis,* for plaintiff in error.

*McPherren & Cochran* and *Chas. P. Abbott,* for defendants in error.

Opinion by BREWER, C. On October 11, 1909, the defendants in error, who will hereafter be called plaintiffs, at Bennington, Okla., made written application to the plaintiff in error, located at Shawnee, Okla., and who will be called the company, for certain insurance against loss by fire, etc., on a five-room dwelling house, contents and other property. It is agreed by the parties: That the application for insurance was signed by plaintiffs and was on a form used by the company. That it was taken by and delivered to the soliciting agent of the company on October 11, 1909, together with the regular premium of $18.80 cash and a note for the same amount. That the application, note, and cash were forwarded to the company by the soliciting agent on October 15, 1909, and was received by it and examined, and was pending investigation by the company on October 17, 1909, the time the property burned. That the authority of the agent was:

"To solicit said application, receive same, together with settlement of premium, investigate property to be insured, prepare diagram, make survey, recommend risk and forward same to the defendant company for acceptance or rejection, but did not have authority to issue policies of insurance."

That the application showed other insurance on the property, and that upon receipt of the application the company wrote its soliciting agent, requesting information as to this additional insurance, and had not received his reply at the time of the fire. That after the fire the company rejected the application, and tendered back the premium note, and money, and has continued the tender in court. That the rejection and tender back of premium was made November 1, 1909. The application began as follows:

"Application of N. B. McClure and wife for insurance against loss or damage by fire, * * * by the Shawnee Mutual Fire . Insurance Co., of Shawnee, Okla., * * * for the term of three years from the 11th day of Oct., 1909. * * * The cash values as shown in this application are estimated by the applicant"

—and contained the following clause:

"I hereby warrant: That I have read, or heard read, all the foregoing questions, and written or dictated the answers, and if dictated the party writing same acted solely as my agent, and I adopt them as my own; that I have not omitted to reveal any fact or circumstance that would assist in determining the physical or moral hazard of the risk; that *if a policy is issued hereon for any amount,* I shall hold it subject to the by-laws, rules, and regulations of the company as they now exist," etc. (Italics ours.)

That when the soliciting agent received the application and premiums, he gave to plaintiff the following receipt:

"Received of N. B. McClure, and May Belle McClure, an application for insurance by the Shawnee Mutual Fire Insurance Company, of Shawnee, Okla., on property to the amount of $600 for the term of three years, also $18.80 cash and 1 note as follows: $18.80 due on the 1st day of April, 1910, all of which are to be returned if policy be not issued. Policy to be sent by mail. Dated at Bennington, Okla., this 11th day of October, 1909. J. N. Camden, Solicitor."

Upon the agreed facts, substantially stated as above, the court held that the plaintiffs were entitled to recover, and rendered judgment for $600. From this holding the company appeals.

The only question presented is: Whether upon the facts presented the law will permit a recovery. The answer to this must depend upon whether or not what transpired between the parties is sufficient in law to make a binding contract of insurance. It is elemental that to constitute a contract there must be a meeting of the minds of the contracting parties. Richards on Ins. (3d Ed.) sec. 78; Cooley's Ins. Briefs, vol. 1, p. 410; Vance on Ins. p. 147; Clement on Ins. vol. 2, p. 567; Ostrander on Ins. p. 15; May on Ins. vol. 1, p. 65. To constitute a binding and enforceable contract of insurance, there must be a meeting of the minds of parties with authority to contract as to the premises and the risk, the amount insured, the term of insurance, and the amount of the premium. *First Baptist Church v. Brooklyn F. Ins. Co.,* 28 N. Y. 153; *Goddard v. Monitor Mut. F. Ins. Co.,* 108 Mass. 56; 11 Am. Rep. 307; *Hamblet v. City Ins. Co.* (D. C.) 36 Fed. 118. We are fully aware that the policy of insurance merely evidences or sets forth the contract; that its execution and delivery are not always essential; that "memoranda" called "binders," may, and often do, show a contract to insure, and will support a recovery for loss although the policy agreed to be issued has not been, in fact, issued or delivered.

But underlying these various situations it is vital that the parties to the agreement must have authority to bind the parties for whom they are acting. The facts in this case clearly show that plaintiffs knew that the soliciting agent had no authority to make a contract insuring their property. The application clearly shows that he made no such claims. It is agreed that he "did not have authority to issue policies of insurance"; that all he had authority to do was "to solicit said application * * * receive premiums * * * investigate property * * * make surveys, *recommend risk* and forward same to the defend-

ant company for *acceptance or rejection."* In the application signed by plaintiffs the fact that the company might decline to accept the application, and thus refuse to insure the property, is clearly admitted, where it is said:

"That I have not omitted to reveal any fact or circumstance that could assist in determining the physical or moral hazard of the risk; that *if a policy is issued hereon for any amount* I shall hold it subject," etc.

In the receipt given plaintiffs for the application and premium it is made clear that whether or not the negotiations would ripen into a contract of insurance depended upon the company. It says:

"Received of * * * an application for insurance by the Shawnee Mutual Fire Insurance Company, of * * * *all of which are to be returned if policy be not issued,"* etc.

It must be clear that what transpired between the applicant and the soliciting agent did not amount to a contract of insurance, and that neither of the parties could have reasonably believed that it did.

In Ostrander on Ins., p. 133, it is said:

"When the person seeking insurance on his property, at the request of a soliciting agent, signs an application addressed to the company or its general agent, it must be apparent to him that the solicitor with whom he is negotiating in regard to material preliminary requirements has no authority to complete a contract, and that any agreements between them relating to the specific terms of such contemplated insurance, other than those set out in the application, are nugatory. It cannot be well supposed that the applicant would be so deficient in his understanding of what was being done as to consider it necessary to make a formal written application to the secretary or general agent of the company, whose office was located in a distant city, if the person with whom he was there dealing had authority to bind the company by his agreements in respect to a completed contract of insurance."

In Cooley's Insurance Briefs, vol. 1, p. 413, it is said:

"The making of an application is, however, merely a step in the creation of a contract. As was said in *Lee v. Guardian Life Insurance Co.,* 15 Fed. Cas. 158, the rights of the applicant are not concluded by the making out of the application. When

the application is made out and forwarded to the company, it is not yet a contract of insurance. It has then only attained the position of a proposition on one side, which must be accepted on the other. That is to say, until it is accepted by some one having authority to accept the terms proposed, the application is not a contract, but merely a proposal."

And as supporting the text the author cites:

"*Weinfeld v. Mutual Reserve Fund Life Ass'n* (C. C.) 53 Fed. 208; *Travis v. Nederland Life Ins. Co.*, 104 Fed. 486, 43 C. C. A. 653; *Alabama Gold Life Ins. Co. v. Mayes*, 61 Ala. 163; *Covenant Mut. Ben. Ass'n v. Conway*, 10 Ill. App. 348; *Walker v. Farmers' Ins. Co.*, 51 Iowa, 679, 2 N. W. 583; *Armstrong v. State Ins. Co.*, 61 Iowa, 212, 16 N. W. 94; *Winchell v. Iowa State Ins. Co.*, 103 Iowa, 189, 72 N. W. 503; *Blue Grass Ins. Co. v. Cobb*, 72 S. W. 1099, 24 Ky. Law Rep. 2132; *Allen v. Mass. Mut. Acc. Ass'n*, 167 Mass. 18, 44 N. E. 1053; *Heiman v. Phoenix Mut. Life Ins. Co.*, 17 Minn. 153 (Gil. 127) 10 Am. Rep. 154; *Alabama Gold Life Ins. Co. v. Herron*, 56 Miss. 643; *Northampton Mut. Live Stock Ins. Co. v. Tuttle*, 40 N. J. Law, 476; *Globe Mut. Life Ins. Co. v. Snell*, 19 Hun (N. Y.) 560; *Hacheny v. Leary*, 12 Ore. 40, 7 Pac. 329; *N. Y. Union Ins. Co. v. Johnson*, 23 Pa. 72; *McCully's Adm'r v. Phoenix Mut. Life Ins. Co.*, 18 W. Va. 782. In addition to the cases cited above, the necessity of approval of the application is also asserted in *Miller v. N. W. Mutual Life Ins. Co.*, 111 Fed. 465, 49 C. C. A. 330; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill. 516, 5 Am. Rep. 64; *Barr v. Ins. Co. of North America*, 61 Ind. 488; *McCulloch v. Tagle Ins. Co.*, 1 Pick. (Mass.) 278; *Trask v. German Ins. Co.*, 53 Mo. App. 625; *St. Paul Fire & Marine Ins. Co. v. Kelley*, 2 Neb. (Unof.) 720, 89 N. W. 997; *Haden v. Farmers' & Mechanics' Fire Ass'n*, 80 Va. 683; *Chamberlain v. Prudential Ins. Co.*, 109 Wis. 4, 85 N. W. 128, 83 Am. St. Rep. 851."

We have examined the following additional cases, and cite them as fairly in point: *Stockton v. Firemen's Ins. Co.*, 33 La. Ann. 577, 39 Am. Rep. 277; *Farmers' & Merchants' Ins. Co. v. Graham*, 50 Neb. 818, 70 N. W. 386; *O'Brien v. New Zealand Ins. Co.*, 108 Cal. 227, 41 Pac. 298; *Dryer v. Security Fire Ins. Co.*, 94 Iowa, 471, 62 N. W. 798; *Faughner et al. v. Manufacturers' Mut. Fire Ins. Co.*, 86 Mich. 536, 49 N. W. 643; *Covenant Mut. Ben. Ass'n of Ill. v. Conway*, 10 Ill. App. 348; *Pickett v. German Fire Ins. Co. of Peoria*, 39 Kan. 697, 18 Pac. 903;

*Fleming v. Hartford Fire Ins. Co.,* 42 Wis. 616; *Bianca Walker, Appellee, v. Farmers' Ins. Co.,* 51 Iowa, 679, 2 N. W. 583; *Brown v. American Cent. Ins. Co.,* 70 Iowa, 390, 30 N. W. 647; *More et al. v. N. Y. Bowery Fire Ins. Co.,* 130 N. Y. 537, 29 N. E. 757; *John R. Davis Lumber Co. v. Scottish Union & National Ins. Co.,* 94 Wis. 472, 69 N. W. 156; *Brink et al. v. Merchants' & Farmers' United Mut. Ins. Ass'n of South Dakota,* 17 S. D. 235, 95 N. W. 929; *Harp v. Grangers' Mut. Fire Ins. Co. of Frederick Co.,* 49 Md. 307; *Insurance Co. v. Johnson,* 23 Pa. 72.

In the cases of *Van Arsdale-Osborne Brok. Co. v. Cooper,* 28 Okla. 598, 115 Pac. 779, *Van Arsdale-Osborne Brok. Co. v. Robertson,* 36 Okla. 123, 128 Pac. 107, and *Van Arsdale-Osborne Brok. Co. v. Young,* 21 Okla. 151, 95 Pac. 778, decided by this court, the question was presented as to the liability of the applicant for insurance on notes given for premium. And in all of the cases it is pointed out that to make the contract enforceable as to either party, there must have been an "approval" or "acceptance" of the application by the insurance company.

In the Young case, *supra,* it is said:

"To have fixed any liability on the company, it was necessary that the application be accepted and approved at the home office of the company," etc.

—and further on the court adds:

"If the company was not liable on its insurance contract, then it necessarily follows that the defendant was not liable on his note."

In the Cooper case, *supra,* the court held that there was evidence tending to show that the application had been approved (thus making a binding contract of insurance), and the judgment of the lower court, exonerating the applicant from the payment of his premium note, was reversed, and the cause remanded for a new trial. In that case the court treats the question of the approval of an application and the mode of proving the same in the following language:

"The issuance and delivery of the policy seems, by this contract, to be conclusive evidence of its approval, but it is not exclusive evidence thereof. Independent of the issuance and delivery of the policy the assured might prove that the general

agents of the insurance company, or any other authorized agent, had approved said application. This proof might be made by positive evidence of the act of approval itself, or in an implied way by the acceptance and application of the premium by any party so authorized. The correct rule, under such an application, seems to be that the obligation of the insurer or insurance company depends on the fact of the acceptance or approval of the application for insurance, and not on notice of such acceptance to the insured" (and cites numerous authorities to support the text).

In the Robertson case, *supra,* it was ruled that, as the application had been approved, it constituted a binding contract between the parties, and that the premium note could be collected.

It is true that the applications in the above cases in this court were specific in their language that the company should be bound upon receipt and approval of the application by the company's general agent at a city named; but we think the various expressions used and heretofore pointed out, in the application and receipt given, in the case at bar, make it clear that the approval of the application by the company, or one of its agents with authority, was necessary to create a contract of insurance in this case. It is agreed that it was not approved by the company.

Neither can it be contended that in this case the company held the application and premium so long, or otherwise conducted itself in such a way in reference thereto, as to be tantamount to an acceptance, as seems to be held in *Preferred Acc. Ins. Co. v. Stone,* 61 Kan. 48, 58 Pac. 986, and it is not necessary to cite the many cases holding that mere delay in accepting an application does not raise a presumption of acceptance. Some of them have been cited in *Van Arsdale-Osborne Brok. Co. v. Young, supra.*

The application showed other insurance on the property; one of the very things likely to cause investigation as to the desirability of the risk. It was received on the 15th, and the company at Shawnee immediately wrote to its soliciting agent at Durant for more information regarding the other insurance. On

the 17th, before a reply was, or could ordinarily have been, received, the property burned. There was no unreasonable delay; nothing done to lull the applicant into the belief that it had been accepted.

The defendants in error are not without authority to support the contentions they make. The cases of *Palm, Adm'r, v. Medina C. M. Fire Ins. Co.,* 20 Okla. 529, and *Continental Ins. Co. v. Haynes,* 10 Ky. Law Rep. 276, announce a doctrine upon facts stated, which would authorize the judgment rendered in this case below. We have examined both those cases, and reading them in connection with the facts upon which they proceed, consider them as opposed to the great weight of authority. We have taken some pains to examine the authority they cite and seem to rely upon. The Kentucky case, Haynes, *supra,* refers to two cases decided by the Supreme Court of the United States (*Ins. Co. v. Webster,* 6 Wall. 129, 18 L. Ed. 888; *Tayloe v. Merchants' Fire Ins. Co.,* 9 How. 390, 13 L. Ed. 187). But a reading of these two cases cited shows that they proceed upon a very materially different state of facts. The doctrine of the Palm, Adm'r, case, *supra,* on review (5 Ohio St. 107) was questioned, in an opinion by Allen G. Thurman, C. J., and the case reversed on other grounds, and the question urged here held to be an open one. The case does not appear again, but it is cited with apparent approval in *Krumm v. Ins. Co.,* 40 Ohio St. 225. That case also refers to *Tayloe v. Merchants' Fire Ins. Co.,* 9 How. 390, 13 L. Ed. 187, but the Tayloe case is not authority for the holding it is cited to support.

We are clearly of the opinion that under the admitted facts, the company is not liable, and that the cause should be reversed and dismissed.

By the Court: It is so ordered.