## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. EDWARDS.

No. 25604.   Oct. 15, 1935.

(Syllabus.)

Hal Crouch and Philip N. Landa, for plaintiff in error.

H. M. Vance and C. F. Bliss, for defendant in error.

WELCH, J.  The plaintiff in the trial court brought this action against the defendant association to recover $2,500 on account of the accidental death of her husband, Frank Edwards. It was the theory of plaintiff's action that the defendant had insured Frank Edwards against accidental death in the sum of $2,500, naming the plaintiff as beneficiary; that the defendant, through its agent, S. R. Wells, had entered into an oral contract of insurance, and that the defendant was bound as if it had issued an insurance policy.

It was the contention of the defendant that no insurance policy had been issued, and that while Frank Edwards had made application for the policy, no authorized

oral contract had been made, and that Edwards was accidentally shot before the application had been accepted and the policy issued.

The facts in material substance are as follows: On September 7, 1932, Frank Edwards made application for an insurance policy to be issued by the defendant. The application was in writing and signed by Frank Edwards and delivered to the defendant's soliciting agent, S. R. Wells. The application in part was in the form of questions, to which the applicant made his answers over his signature, and among others there appeared this question and answer:

"Q. Do you agree that this application shall not be binding upon the association until accepted by the association, nor until the policy is accepted by the insured while in good health and free from injury? A. Yes."

At the same time the applicant, Frank Edwards, paid to the agent $6 on premium and received from the agent a receipt in words and figures as follows:

"Receipt

"Sept 7 1932

"Received of Frank L. Edwards an application for a policy in the Mutual Benefit Health and Accident Association, and six & No/100 on policy dollars.

"Should the company decline to issue the insurance applied for, I do hereby agree to return the above sum to said applicant.

"S. R. Wells, Agent.

"This pays your insurance from date on which policy is issued until Jan. 1, 1933. Read the other side of this receipt. (On back)

"You should receive notice within ten days from this date that your application has been received at our Omaha office. If it does reach you within that time please notify us.

"Mutual Benefit Health and Accident Association.

"Baird Building

"Omaha, Nebraska."

On the tenth day thereafter Frank Edwards was accidentally shot, and the following month he died of such accidental injury. Thereafter the plaintiff made demand for the payment of $2,500, the amount of insurance applied for by Frank Edwards, and upon refusal of payment she instituted this action.

Upon trial, the plaintiff recovered judgment for the sums sued for, and the defendant appeals, urging that the evidence is not sufficient to sustain the judgment, and that the trial court erred in overruling defendant's demurrer to plaintiff's evidence, and in refusing to direct a verdict for the defendant.

It must be clear that what transpired between the applicant and soliciting agent did not amount to a contract of insurance, and that neither of the parties could have reasonably believed that it did. There was nothing more than an application for an insurance policy, which might or might not be issued by the defendant association to whom the application was directed. The application evidenced the intention of the parties that the application was not to be binding upon the association until the association had accepted it and had issued and delivered the policy applied for.

It is true that at the time of making the application the applicant paid $6 on premium, but the written receipt which was exchanged for the money clearly expresses the thought that the company may or may not issue the insurance policy applied for, so that the payment of that sum upon the terms set out in the receipt could not constitute a contract of insurance. In fact, it is clearly shown that nothing more transpired than a payment of that sum to apply upon the premium if and when the policy was issued, with the express provision for the return of the payment if the policy was not issued.

Whatever transpired between the applicant, Frank Edwards, and the soliciting agent, S. R. Wells, the plaintiff could not recover from the defendant, upon the theory that Wells had made an oral contract to insure Edwards, without some proof as to the authority of the agent Wells. The defendant specifically denied that Wells had any such authority, and that denial was verified. There was no evidence that the agent Wells had any authority to pass upon risks or issue policies or contract any insurance. The application and receipt indicate the character of the authority of Wells, and there is no question but that he was merely a soliciting agent acting under a district agent. The record shows that Wells had no authority to contract insurance, and that he made no insurance contract with the applicant.

In Merchants & Planters Insurance Co. v. Marsh, 34 Okla. 453, 125 P. 1100, this court considered the effect of alleged acts of a local or soliciting agent of the in-

surance company. In the body of the opinion it was said:

"The burden of showing the power and authority of the agent, and the nature and extent of his agency, was upon the plaintiff. He has not discharged it. This general rule is stated in Wood on Insurance thus (section 17): 'The burden is upon the person seeking to enforce a parol contract of insurance to establish, not only the making of a contract, but also the authority of the agent to make it, and, if any waiver is relied upon, both the waiver and the authority of the agent to make it. * * *' The general rule stated in 16 A. & E. Ency. Law (2d) 915, regarding the power of soliciting agents, seems to be supported by the current of decisions. It is: 'A soliciting agent, who is authorized to receive applications for insurance and to transmit them to the company for its approval, but who has no authority to pass on risks or to make contracts of insurance, cannot bind the company by an oral agreement for * * * or consent to additional insurance. * * *'"

See, also, Shawnee Mutual Fire Ins. Co. v. McClure, 39 Okla. 535, 135 P. 1150; Dorman v. Connecticut Fire Ins. Co., 41 Okla. 509, 139 P. 262; Phipps v. Union Mutual Ins. Co., 50 Okla. 135, 150 P. 1083, and Turner v. Supreme Lodge Knights of Phythias, 166 Okla. 286, 27 P. (2d) 612.

It is apparent from the general verdict for the plaintiff, upon the issues submitted in the court's instructions, that the jury found that the soliciting agent had authority to orally contract insurance, binding upon the defendant, and that he did do so in this instance.

That conclusion, however, is wholly unsupported by the evidence.

In addition to the foregoing facts there was evidence that the agent Wells stated to third persons, in substance, that Frank Edwards was insured in the defendant company, and, in substance, that he would aid and assist the plaintiff in collecting the insurance. This and similar testimony was admitted over defendant's objections. We need not pass upon the admissibility of their testimony, as all of the testimony and evidence introduced fails to show any authority on the part of the agent to orally contract insurance binding upon the defendant.

The trial court should have instructed a verdict for the defendant. The judgment is therefore reversed, and the cause remanded, with directions to render judgment for the defendant.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.