Mrs Lydia A. Hardie v. St. Louis Mutual Life Insurance Company.

### No. 2987.

### MRS. LYDIA A. HARDIE *v.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY.

Where the life policy of insurance contained the following clause: "This policy shall not be binding on the company, until countersigned by J. R. Purvis, agent, of New Orleans, Louisiana, and the advance premium paid," and where before the policy was received by the agent at New Orleans, John W. Hardie, the person intended to be insured, died;

Held—That the premium never having been paid, and the policy never countersigned by J. R. Purvis, the agent, or delivered to the assured or his representative, the plaintiff can not recover.

The obligation contracted by the company was a suspensive conditional obligation, depending upon future and uncertain events which have not happened.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Breaux, Fenner & Hall, Randolph, Singleton & Browne,* for plaintiff and appellee. *E. T. Merrick, Race & Foster,* for defendant and appellant.

LUDELING, C. J. On the fourteenth day of September, 1867, John W. Hardie made application to the agent of the St. Louis Mutual Insurance Company, at New Orleans, to insure his life. The application contains the following clause: "Also, that the policy of assurance hereby applied for shall not be binding upon this company, until the first premium, as stated therein, shall be received by said company, or some authorized agent thereof, during the life time of the person whose life is therein assured, such person being still in good assurable condition."

This application was forwarded to the company at St. Louis for acceptance. It was accepted, and a policy was sent to the agent at New Orleans. This policy contains the following clause: "This policy shall not be binding on the company, until countersigned by J. R. Purvis, agent, of New Orleans, Louisiana, and the advance premium paid." Before the policy was received by the agent at New Orleans, John W. Hardie died.

The premium never was paid, nor was the policy countersigned by J. R. Purvis, the agent, or delivered to the assured or his representatives.

The obligation contracted by the company was a suspensive conditional obligation, depending upon future and uncertain events which have not happened. C. C. 2045.

Having come to this conclusion, after having given full effect to the oral evidence in the record, we deem it unnecessary to pass upon the bills of exception in the record.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the defendant and against the plaintiff rejecting her demand, with costs of both courts.

Rehearing refused.