## The Hibernia Insurance Company v. Ellen O'Connor.

*Insurance: Agent: Delivery: Policy: Renewal receipt: Countersigning.* When the agent of an insurance company has delivered a policy or a renewal receipt with his name written upon it and as a completed instrument, neither he nor the company can afterwards object that it was not countersigned by him.

*Names: Identity.* The fact that one who has contracted in the name of O'Connor calls herself Connor, is immaterial where she is known by both names and the identity is clearly made out.

*Evidence: Proofs of loss: Time: Formal inaccuracies: Waiver.* In an action upon an insurance policy where it appears that the proofs of loss were furnished a few days too late and were formally inaccurate, it is competent to show that they were received by the agent and transmitted to the company, and that neither made any objection to the form or substance, or to the time of presentation of such proofs, and that the agent went on to repair the loss to another building insured by the same policy and damaged by the same fire, and that the company allowed his expenditures; this would tend to prove a waiver of the irregularities.

*Waiver: Intent: Inference.* The question of waiver is one of intent, and is a proper subject of inference from surrounding circumstances.

*Waiver: Formal proofs: Notice of loss.* The waiver of strict formal proofs is a waiver also of all precedent requirements, such as the giving to the company immediate notice of the fire.

*Submitted on briefs April 23. Decided April 28.*

Error to Superior Court of Detroit.

*Trowbridge & Atkinson,* for plaintiff in error.

*Romeyn & Weir,* for defendant in error.

COOLEY, J.

None of the errors assigned in this case appear to be well taken.

When the agent of the insurance company delivered the policy and renewal receipt with his name written upon them, and as completed instruments, neither he nor the company could be at liberty to object afterwards that they were not countersigned by him.

The fact that the defendant in error calls herself Connor instead of O'Connor, is immaterial. She was proved to

be known by both names, and in this case contracted in the name of O'Connor. The identity is clearly made out.

There was no error in admitting evidence that neither the agent nor the company made objections to the preliminary proofs of loss. The proofs were furnished a few days too late, and they were made out in the name of Ellen Connor; but the judge's finding shows that they sufficiently referred to and identified the risk. The proofs were transmitted by the agent to the company, and neither the agent nor the principal ever made any objection to their form or substance, or to the time of presentation. It also appeared that the agent went on to repair the loss to another building insured by the same policy and damaged by the same fire, and that the company allowed his expenditures. We agree with the judge below that these acts should preclude the company from taking advantage of a failure to make the preliminary proofs within the exact time specified in the conditions annexed to the policy. Treating the question of waiver as one of intent, the judge, sitting without a jury, was to draw the proper conclusions, and we think did so.

If strict formal proofs were waived, the giving to the company of immediate notice of the fire, which was a precedent step, must be regarded as waived also.

The judgment must be affirmed, with costs.

CAMPBELL and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.