## The German Fire Insurance Company v. Dora Laggart.

1. **Action** *on Insurance Policy — Evidence for Jury.* In an action upon an insurance policy for loss by fire, where it appeared that an application had been received by the company, and the party making the same had possession of a policy of insurance in the company to which application had been made, and for which a note for the premium had been executed to such company, *held*, that there was evidence sufficient to go to the jury, and that this court cannot say there was a failure of proof showing that the insurer had executed and delivered a policy to the insured.

2. **Evidence** — *No Error.* The evidence examined, and found that no prejudicial error was committed by the trial court in the admission of the same.

*Error from Sedgwick Court of Common Pleas.*

The opinion states the facts. Judgment for plaintiff, *Laggart*, at the May term, 1889. The defendant *Company* brings error.

*John E. Hume*, for plaintiff in error.

*John D. Davis*, for defendant in error.

Opinion by GREEN, C.: This was an action upon an insurance policy for the sum of $800, claimed to have been issued by the German Fire Insurance Company on the 10th day of June, 1887, for one year, upon a two-story frame house, 18x40 feet, with an addition 16x24 feet, one story high, in St. Marks, Sedgwick county. It was alleged that the property was totally destroyed by fire on the 30th day of July, 1887, and that the proof of loss was furnished within 60 days. A blank copy of the policy and the application for the insurance were attached to and made a part of the petition. The defendant answered, admitting the execution and delivery of the application for the insurance, which was made a part of the answer; and further alleged that the same was taken by an agent for the plaintiff; that before it was accepted, and before any premium had been paid, a fire broke out on the premises and destroyed the house described in such application. The answer was verified. The plaintiff filed a verified reply. The case was tried before the common pleas court of Sedgwick county and a jury, and a verdict was returned in favor of the plaintiff for the sum of $901.43. The insurance company brings the case here, and it is urged, first, that there was a total failure of proof establishing the fact that the company executed and delivered a policy of insurance to the plaintiff below; second, that the court permitted incompetent and prejudicial evidence to go to the jury; third, that the trial court should have sustained the motion of the insurance company directing a verdict for the defendant. Substantially the same questions are raised by the first and last assignments of error, and we shall consider them together.

The insurance company admitted, in its answer, that an agent of the plaintiff had presented an application for insurance on the property described in her petition to the agent of the company, but alleged that the application had never been accepted, and that no premium had been paid thereon. The evidence established the fact that a policy of insurance was delivered, but it is not clear by whom. The evidence

shows, however, that it was a policy of the plaintiff in error.
The insured gave a note for the premium, which was made
payable to the German Insurance Company, and which was
unpaid at the time the loss occurred. It seems there was a
notice sent out in regard to this note, but the record is silent
as to its contents. It is urged by counsel that because the
evidence did not establish the fact that the policy was coun-
tersigned by the agent at Fort Scott, and that the policy itself
showed that such an attestation was necessary to make the
policy valid, therefore there was no evidence showing that the
company had ever executed and delivered a policy of insur-
ance to the insured. To support this position, our attention
is called to several authorities which, it is contended, support
this position. The first is the case of *Hardie v. Insurance
Co.*, 26 La. Ann. 242. In that case the policy had never been
countersigned or delivered, and the premium had not been
paid. In the case of *McCully v. Insurance Co.*, 18 W. Va.
782, the policy had never been delivered or countersigned.
The court said, in the case of *Insurance Co. v. Walser*, 22 Ind.
83:

"It would seem that, to a complete execution of the policy,
it was necessary that it should be signed by the president and
secretary of the company, and countersigned by the agent.
The policy in question is not signed by the president and sec-
retary. It is only signed by the agent."

In the case of *Lynn v. Burgoyne*, 13 B. Mon. 400, a policy
was issued by a clerk of the company, and it was held that it
was not a valid policy because it was not countersigned. The
cases cited do not sustain the position of the plaintiff in error.
The supreme court of Michigan has held that where there has
been a delivery of a policy by an agent, or a renewal receipt
with his name written upon it as a completed instrument, nei-
ther he nor the company can afterward object that it was not
countersigned by him. (*Insurance Co. v. O'Conner*, 29 Mich.
241; *Insurance Co. v. Earle*, 33 id. 143.)

There was some evidence to establish the fact that the in-
sured had a policy of insurance. The plaintiff below testified

that her husband gave her a policy, and she put it away in a box and it was burned with the building. It has been said:

"The mere manual possession of the policy is of little consequence, whether it be in the hands of the insurers or the insured. Its possession by the insured makes a *prima facie* case for him, subject to be met by proof that it was never delivered with the consent of the insurers; while its possession by the insurers makes a *prima facie* case for them, subject to be met by proof that, though not transferred, it was intended by the parties to be a valid contract without further action by either party, and so in legal contemplation there was a delivery." (May, Ins., § 56.)

It was admitted by the pleadings that the insurance company had an application from the plaintiff below; and it was established that she executed a note signed by herself and husband to the company for the premium upon the policy. We think this admission in the answer, the giving of the premium note and the possession of the policy, showed a *prima facie* case in favor of the plaintiff in the common pleas court. There was, at least, evidence sufficient to submit the facts to the jury; and we cannot say that there was an entire failure of proof that the insurance company had executed and delivered a policy, or that the court erred in refusing to sustain the motion of the company for verdict in its favor. There was no evidence offered upon the part of the company in the court below.

It is insisted that the court erred in permitting the husband of the plaintiff below to testify in regard to a certain notice claimed to have been received from the company in regard to the premium note. We do not think this was material error. The witness did not know the contents of the notice. If the matter of the notice had been eliminated from the case, still we think there would be sufficient evidence to make out a *prima facie* case. The evidence remained that a note had been executed to the company; besides there was some evidence to show that the husband had been acting for the wife in effecting the insurance.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.