REGINA M. JACOBS *v.* NEW YORK LIFE INSURANCE CO.

LIFE INSURANCE. *Death of applicant before policy issues. Liability.*

> Where an applicant for insurance stands a satisfactory medical examination, and pays a stated sum, taking from the agent of the company a receipt, stipulating that if the application "for insurance to take effect from this day" is approved, and a policy issued, the money is to be applied in payment of the first semi-annual premium; but "that, if said application is not approved and accepted, said company shall incur no liability, and said sum is to be returned on surrender of this receipt," and the applicant dies while the company is considering the application, and it is not approved, the company incurs no liability. So held on demurrer to a declaration alleging that the application was refused arbitrarily and without cause.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Action by Regina M. Jacobs against the New York Life Insurance Company, a corporation domiciled in New York, but doing business in this state. The declaration alleges that on July 4, 1892, Herman Jacobs, the husband of plaintiff, applied in writing to the defendant company, through its agent at Natchez, Miss., for two policies of insurance for $5,000 each on the life of said Herman Jacobs, payable to

plaintiff at his death; that said Jacobs was examined by the medical examiner of the. defendant company, and was pronounced a good risk; that thereupon he paid to the agent of defendant $195 as the first premium for such insurance; that the agent gave him a receipt in the name of the company, whereby it undertook to insure the life of said Jacobs upon the conditions therein named; that the agent was duly authorized to accept said application and give the receipt; that the assured died suddenly fourteen days after the receipt was delivered to him, and three days before the company declined the application; that the fact of death was immediately communicated to defendant in New York, and that it declined, arbitrarily and without any sufficient reason or excuse, to issue the policy. The application and receipt were filed as a part of the declaration. Plaintiff averred that, by virtue of the payment of said premium and the issuance of said receipt, based on the application and medical examination, the defendant became liable to pay plaintiff the said sum of $10,000.

The following is the receipt filed as an exhibit to the declaration:

"73053.                    CONDITIONAL RECEIPT.            Amount, $195.00.

" Received at Natchez, state of Mississippi, this fourth day of July, 1892, of Herman Jacobs, the sum of one hundred ninety-five dollars, on the following express conditions, agreements and understanding:

" 1. That, if an application made by him this day to the New York Life Insurance Company for an insurance of ten thousand dollars, to take effect from this day, is approved and accepted by said company, and its policy issued, said sum shall be applied in payment of the first semi-annual premium on said insurance.

" 2. That, if said application is not approved and accepted, said company shall incur no liability thereunder, and said sum shall be returned on surrender of this receipt.

" 3.. That, if a policy is not received within twenty days, a statement of the facts should be mailed to the home office, and, if not received within thirty days, the application must be considered declined, and claim made for return of said sum.

" 4. That no agent has power, in behalf of said company, to make any contract or to issue a permit for residence, travel or occupation.

" 5. That this receipt is not valid if any alterations or erasures are made in the printed form.

" No. 922, Ed., June, 1888.          Simon Mayer."

Among other things, the application for insurance contained the following stipulation :

" 2. That, inasmuch as only the officers at the home office of said company, in the city of New York, have authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations referred to, no statements, representations, promises or information made or given by or to the person soliciting or taking this application for a policy, or by or to any other person, shall be binding on said company, or in any manner affect its rights, unless such statements, representations, promises or information be reduced to writing and presented to the officers of said company at the home office in this application."

Defendant's demurrer to the declaration was sustained. Plaintiff appeals.

*Mayes & Harris*, for appellant.

1. It is claimed that, by the terms of the receipt and other papers then executed, this temporary contract was made : (1) That the applicant was thereby insured until the company, at its home office in New York, should finally act on the application; (2) that, if the application should be declined (not arbitrarily), the company was to be at no further risk, and the premium was to be returned; (3) that, if the appli-

cation was finally and permanently accepted by the company, the payment made was to be finally applied in payment of the first semi-annual premium.

Our contention is that, pending the question of final acceptance, the company carried the risk, and that the death before rejection terminated the power of the company to make any rejection.

The contract was to be performed in New York. Parties may, by contract, subject their obligations to the laws of another state, where the same does not conflict with any public policy of our own. *Brown* v. *Freeland*, 34 Miss., 181; *Bank* v. *Williams*, 46 *Ib.*, 618; *Harrison* v. *Pike*, 48 *Ib.*, 46; *Scudder* v. *Bank*, 91 U. S., 406; *Pritchard* v. *Norton*, 106 *Ib.*, 124. So this is a New York contract.

For the law in that state, both on the scope of such a preliminary insurance and on the agent's authority, see *Perkins* v. *Insurance Co.*, 4 Cowen, 645; 27 N. Y., 216; 44 *Ib.*, 538; 50 *Ib.*, 402; 59 *Ib.*, 171. See, also, *Hardwick* v. *Insurance Co.*, 20 Oregon, 547. We claim that, according to the laws of New York, the declaration is good.

2. The issuance of a policy is not necessary to impose liability upon the assurer. An agreement to issue one is sufficient for that purpose. *Insurance Co.* v. *Alexander*, an unreported case in this court; 123 Mass., 324; 7 Nev., 116; 9 How. (U. S.), 390; 19 *Ib.*, 318; 6 Wallace, 129; 20 *Ib.*, 560; 94 U. S., 621.

*J. S. Sexton*, for appellee.

An application for insurance is simply a proposition which the company may accept or reject. Until acceptance, there is no contract, and neither party is bound, for the manifest reason that there has been no meeting of their minds, and, consequently, no contract. *Insurance Co.* v. *Mayes*, 61 Ala., 163; *Insurance Co.* v. *Snell*, 19 Hun (N. Y.), 560; *Insurance Co.* v. *Holzgrafe*, 53 Ill., 516; *Marks* v. *Insurance Co.*, 117 Mass., 528; *Otterbein* v. *Insurance Co.*, 57 Iowa, 274; *Harp* v. *Insur-*

*ance Co.*, 49 Md., 307; 39 Kan., 697; *Walker* v. *Insurance Co.*, 51 Iowa, 679; 61 *Ib.*, 212; 32 N. W. R., 371; *Paine* v. *Insurance Co.*, 2 U. S. Circuit Court App. R., 459.

It is immaterial that it was stated in the receipt that the insurance should take effect from date. This provision is to be construed as a part of the whole contract, which expressly provided that, before insurance should be granted, the application must be approved by the home office and the policy issued.

CAMPBELL, C. J., delivered the opinion of the court.

There is no escape from the plain stipulation of the contract "that, if said application is not approved and accepted, said company shall incur no liability thereunder," and the fact that said application was not approved and accepted, but the applicant died while the company was considering the application. It had incurred no liability, and cannot be held bound as if it had.

We have examined the cases cited for the appellant, but they fall far short of maintaining the liability of the company. The denial of all liability by the company, on the facts of this case, does not need the support of adjudication, and we have not examined any, preferring to rest with perfect confidence on the unmistakable meaning of the written agreement, which no number of books or extent of ingenious argument could change so as to create liability, except on the terms it expresses.

*Affirmed.*