# VAN ARSDALE-OSBORNE BROKERAGE CO v. COOPER.

No. 883.   Opinion Filed May 9, 1911.

(115 Pac. 779.)

**INSURANCE—Acceptance of Application—Completion of Contract—Evidence.**  The written application for insurance stipulated that such insurance was to be in force from the day of the approval of the application, but that the application should not be construed as a contract of insurance against said company until the same should be approved by it, which approval should be evidenced by the issuance and delivery of the policy.  **Held,** that said contract was completed on the approval of said application by any authorized agent of said company.

(a) The issuance and delivery of said policy is conclusive proof of approval of the application and completion of the contract, but does not exclude other means of proof.

(b) Independent of the issuance and delivery of the policy the approval of said application may be made by direct evidence of the act of approval itself, or impliedly by the acceptance and application of the premium.

(Syllabus by the Court.)

*Error from the District Court, Kay County; W. M. Bowles, Judge.*

Action by the Van Ardsdale-Osborne Brokerage Company against Wm. Cooper. Judgment for defendant and plaintiff brings error. Reversed and remanded.

*E. L. Foulke (C. A. Matson* and *Sam K. Sullivan,* on the brief), for plaintiff in error.

*L. D. Thomason,* on brief for defendant in error.

WILLIAMS, J. On September 12, 1906, the defendant in error, hereinafter referred to as defendant, made application in writing to the St. Paul Fire & Marine Insurance Company through the plaintiff in error, hereinafter referred to as plaintiff, for $1,550 fire insurance, and a like amount in lightning and tornado insurance. At the same time defendant executed his note in favor of plaintiff to cover the premium thereon, the plaintiff to advance the cash to pay the insurance company. The note was not paid at maturity, and on the 3d day of December, 1907, plaintiff sued defendant on same. Defendant admitted its execution, but alleged that the policy for which it was made and delivered had neither been issued nor delivered to the plaintiff. The application was taken by a local agent at Newkirk. A clause therein provided:

"This application shall not be construed as a contract of insurance as against said company, until the same shall be approved by said company, which shall be evidenced by the issuance and delivery of their policy, either at their home office or by an authorized 'recording' agent."

On the back of the application is a direction to send the policy to the assured (defendant). The application was received by the general agents of the plaintiffs at their office in Wichita, Kansas, in due course of business, a distance of about 65 miles from the

home of the defendant. The defendant heard nothing from said application after he signed it, neither was any policy of insurance delivered to him in person,. nor was he informed in any manner by any one that said application had been approved, or any policy issued or mailed to him.

On April 4, 1907, defendant notified the general agents that he had not received any policy of insurance. Thereupon a lost policy affidavit or receipt was sent to him requesting that he properly execute same and a duplicate policy would be issued to him. This he failed to do. The local agent discontinued business and left the country before this action was begun. At the time of his departure he turned over to a party in Newkirk a box containing various papers, among which was discovered the two policies of insurance intended for the defendant. Thereupon said policies were delivered by such party to the local agent of the insurance company, but they were never delivered or tendered to the defendant.

The evidence on the part of the plaintiff tended to show that the general agent of the insurance company received said application, approved the same and caused the policies to be issued. On February 14, 1906, said policies, being numbered 30006 and 23847, were duly forwarded by mail, postage prepaid, properly addressed to the defendant at Newkirk, Oklahoma, being endorsed on the envelope in which the said policies were enclosed the following words: "If not called for in 10 days return to Van Arsdale & Osborne, General Agents, Wichita, Kansas." The letter was never returned.

The question essential for determination is whether any evidence tended to show the approval of the application. In *Van Arsdale & Osborne v. Young,* 21 Okla. 151, 95 Pac. 778, it was held:

"1. Where, in an action on a promissory note, execution and delivery of which is admitted, which was given for insurance, the contract and application contemplated the issuance and delivery of a policy, and none was delivered, on a defense of no consideration, the defendant sustains the burden placed on him, by showing

that he received no policy nor any notice that the application had been approved.

"2. Where an application for hail insurance provides that the insurance company shall not be bound until the application is accepted and approved at its home office, in a suit on a note given for such insurance it is incumbent on the holder thereof to show such approval and acceptance, or acts tantamount thereto, in order that he be entitled to recover."

The contract under consideration in that case is identical with that here. In the opinion, this court said:

"If the company was not liable on its insurance contract, then it necessarily follows that the defendant was not liable on his note. There was some evidence offered showing that a policy was issued on his application, but nothing whatever was shown as to its terms, who, if any one, was insured under it, and what property it covered. It was not offered in evidence, nor was any foundation laid or effect made to establish same by secondary evidence."

In this case there is evidence tending to show the approval of the application and the issuance and forwarding of the policy through the mails to the defendant, properly addressed, postage prepaid. In the *Preferred Accident Insurance Company of New York v. Stone,* 61 Kan. 48, 58 Pac. 986, in an opinion delivered by Chief Justice Doster, it is said:

"It is a general rule that when a contract of insurance has been agreed on the execution of a policy is not essential to its validity, unless part of the contract be that it shall not take effect until the execution and delivery of that instrument. Except in cases where by agreement of the parties the contract is to be completed only by the execution and delivery of the policy, the insured may bring suit on the agreement, if a loss has occurred in the meantime. (*Keim et al. v. Home Mutual Fire & Mar. Ins. Co. of St. Louis,* 42 Mo. 38; *Insurance Co. v. Colt,* 87 U. S. 560; *Tayloe v. Merchants' Fire Ins. Co.,* 9 How. 390; *The City of Davenport v. The Peoria Marine and Fire Insurance Co.,* 17 Iowa, 276; *Hallock v. Insurance Co.,* 26 N. J. Law, 268.)

"But it is said that the applicant stipulated that 'the policy shall not be in force until actually issued from the office in New York.' This stipulation is of course valid and binding on the insured. Under it the policy cannot be regarded as in force until issued; but the policy when issued would not be the contract between the parties, under the doctrine of the above-quoted decisions;

it would be only evidence of the contract. It may be that a suit could not be brought upon it as a policy until it had been issued, but this is not saying that a suit could not be brought to enforce specifically the agreement to issue the policy, and in the same suit, as a part of the appropriate relief, recover on it as though it had been formally issued."

The application recites:

"Application of W. M. Cooper * * *, for Insurance against loss by Fire and Lightning by the St. Paul Fire and Marine Insurance Company, of St. Paul, Minn., for the sum of ($1,550) one thousand five hundred dollars and against loss by tornado or cyclone for the sum of ($1,550) one thousand five hundred dollars * * * for the term of five years from the day of approval of this application by Van Arsdale & Osborne, General Agents at Wichita, Kansas. * * *"

At the close of said application it also recites:

"This application shall not be construed as a contract of insurance as against said company, until the same shall be *approved* by said company, which *approval* shall be *evidenced* by the *issuance* and *delivery* of their policy whether at their home office or by an authorized 'recording' agent." (Italics ours.)

The issuance and delivery of the policy seems, by this contract, to be *conclusive* evidence of its approval, but it is not *exclusive* evidence thereof. Independent of the issuance and delivery of the policy the assured might prove that the general agents of the insurance company, or any other authorized agent, had approved said application. This proof might be made by positive evidence of the act of approval itself, or in an implied way by the acceptance and application of the premium by any party so authorized. The correct rule, under such an application, seems to be that the obligation of the insurer or insurance company depends on the fact of the acceptance or approval of the application for insurance, and not on notice of such acceptance to the insured. *Home Life Insurance Co. v. Myers,* 112 Fed. 846, 50 C. C. A. 544; *Northampton Mutual Live Stock Ins. Co. v. Tuttle,* 40 N. J. Law, 476; *Robinson v. United States Benev. Soc.,* 132 Mich. 695, 94 N. W. 211, 102 Am. St. Rep. 436; *Lungstrass v. German Ins. Co.,* 48 Mo. 201, 8 Am. Rep. 100; *Commercial Ins. Co. v. Hallock,* 27 N. J. Law, 645, 72 Am. Dec. 379; *Hartford Steam Boiler Inspec-*

*tion & Ins. Co. v. Lasher Stocking Co.*, 66 Vt. 439, 29 Atl. 629, 44 Am. St. Rep. 859; *The Alliance Co-operative Ins. Co. v. Corbett*, 69 Kan. 564, 77 Pac. 1; *Blanchard v. Waite*, 28 Me. 51, 48 Am. Dec. 474; *McCully's Adm'r. v. Phoenix Mutual Life Ins. Co.*, 18 W. Va. 782; Cooley's Briefs on Insurance, pp. 426, 442.

In *Herring v. The American Insurance Company*, 123 Iowa, 533, it is held:

"Where a proposal for insurance, as contained in an application, is accepted there is a contract of insurance, though no policy has issued."

In the opinion it is held:

"The plaintiff made a written application for fire insurance upon her property, which she claims was received and accepted by the defendant. No policy was issued to her, and about a month after she made the application her property burned. The controlling question in the case is whether the proposal for insurance contained in the plaintiff's application was accepted by the defendant? If it was, there was meeting of the minds of the parties and a valid contract of insurance which will be in force though no policy issued."

In *New York Life Insurance Co. v. Babcock*, 104 Ga. 67, 69 Am. St. Rep. 134, it is said:

"Where one party makes a proposition to purchase a thing which is unconditionally accepted by the other, the contract of purchase becomes complete. There is no reason why the same rule should not be applied when a written application is made for an insurance policy. So long as the application is not acted upon by the insurance company, of course no contract has been consummated; and if the applicant should die before the acceptance of his application the company has incurred no liability. But when the application is accepted and nothing remains for the applicant to do, the contract becomes complete. Actual delivery of the policy to the insured is not essential to the validity of such a contract, unless expressly made so by its terms. It is true that whether or not a policy has been delivered often becomes a material question, for this is usually the most effective way of proving the acceptance of the application made by the insured. But the contract may be otherwise proved, and when it is shown to be in writing it is ordinarily binding upon the company, though there should be no delivery whatever either actual or constructive of the policy and though it should remain in the hands of the company."

In *Insurance Company of North America v. Thornton,* 130 Ala. 222, 89 Am. St. Rep. 30, it is said:

"Where a subagent authorized to issue fire insurance policies receives an application under an agreement that the risk shall begin on the day it is received, the company is liable for a loss which occurs subsequent thereto, although the policy has not been issued."

That the actual delivery of the policy, unless expressly made so by the terms of the contract, is not essential to the validity of the contract of insurance is a settled rule. Cooley on Insurance, p. 446; *New York Life Insurance Co. v. Babcock,* 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88; *Firemen's Fund Ins. Co. v. Pekor,* 31 S. E. 779; *Bragden v. Appleton Ins. Co.,* 42 Me. 259; *Home Ins. Co. v. Curtis,* 32 Mich. 401; *Equitable Fire Ins. Co. v. Alexander,* 12 So. 25; *National Aid Association v. Bratcher,* 65 Neb. 394, 91 N. W. 379.

"The deposit in the postoffice by an insurance company of a policy, with postage prepaid, directed to the insured at his place of residence is a delivery to the insured." (Cooley on Insurance, p. 447.) See, also, *Triple Link Mutual Indemnity Association v. Williams,* 121 Ala. 138, 26 So. 19; *Armstrong v. The Mutual Life Ins. Co.,* 121 Iowa, 362; *Commonwealth Mutual Fire Ins. Co. v. Knabe & Co.,* 171 Mass. 265, 50 N. E. 516; *The Fidelity Mutual Life Association v. Harris,* 94 Texas, 25, 57 S. W. 635; *Bowman v. The Northern Accident Co.,* 124 Mo. App. 477, 101 S. W. 691; *Reeves & Co. v. Martin,* 20 Okla. 558, 94 Pac. 1058. Under the stipulations of this application, if the application was approved, the policies issued, and placed in the post office, postage prepaid, properly addressed to the assured, the contract was complete.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.