## VAN ARSDALE-OSBORNE BROKERAGE CO. v. ROBERTSON.

No. 2151.  Opinion Filed November 19, 1912.

(128 Pac. 107.)

**INSURANCE—Premium Notes—Liability of Maker.**  A written application for insurance stipulated that the insurance company should be bound upon receipt and approval of the application by the company's general agents at a city named.  The application was approved on the day of its receipt; but the policy issued in pursuance of the application, though properly mailed, was not received by the insured for several weeks, and until after a loss on the property insured had been sustained.  **Held,** that by the terms of the application the contract of insurance became binding from the date of the receipt and approval of the application by the agents named; and that the maker of the premium note was liable to the payees thereof, without regard to the delay in the delivery of the policy.

(Syllabus by Sharp, C.)

*Error from Harper County Court;*
*J. L. Griffith, Judge.*

Action by the Van Arsdale-Osborne Brokerage Company against W. A. Robertson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. L. Foulke, C. A. Matson* and *D. P. Parker*, for plaintiff in error.

*E. J. Dick,* for defendant in error.

Opinion by SHARP, C. April 27, 1910, the defendant in error, hereinafter referred to as the defendant, made application in writing to the St. Paul Fire & Marine Insurance Company, through the plaintiff in error, hereinafter referred to as plaintiff, for insurance upon growing grain against damage by hail in the sum of $250, and on the same day executed his note in favor of plaintiff to cover the premium thereon; the plaintiff to advance the cash to pay for the insurance policy if the application therefor was approved. The note not being paid, suit was instituted to recover the amount thereof. The execution of the note was admitted; but it was alleged that the consideration therefor had wholly failed in this: That the policy of insurance was not delivered to defendant until too late to be operative as insurance upon his crop, according to the terms of the policy. The application was taken by the local agent at Buffalo, and contained the following provision:

"I, W. A. Robertson, of post office of Buffalo, in the county of Harper, in the state of Oklahoma, hereby make application to the St. Paul Fire & Marine Insurance Company, for insurance upon growing grain against damage by hail only for the season 1909 to the amount of $250.00, from the day this application is accepted and approved by Van Arsdale & Osborne, general agents, at Wichita, Kan., at 12:00 o'clock noon, until September 15th, 1909, at noon, standard time, and in no event shall the company be liable after the grain is cut. * * * That I know this application does not bind the company until received and approved at the office of Van Arsdale & Osborne, general agents, Wichita, Kan."

The application contained the clause directing that the policy should be sent to the plaintiff. It was received and approved by Van Arsdale & Osborne, general agents, on May 5, 1909, who on the same day caused to be issued a policy, numbered 59,923,

to defendant, which, together with blank notice of loss, was placed in a stamped envelope, properly addressed to the defendant at Buffalo, Okla., and deposited in the post office at Wichita, Kan. It seems that through a mistake of the postmaster at Buffalo the letter containing the policy of insurance, instead of being delivered to defendant, was delivered to one J. A. Robertson, and was afterwards returned to plaintiff at Wichita, who thereupon forwarded it to the company's agents, Zook & Woodmancy, at Buffalo, with the request that they deliver the policy to defendant. The policy was received by defendant June 19, 1909. Prior thereto, on the 23d day of May of said year, defendant sustained a loss on the grain covered by his application for insurance. No notice was given defendant of the approval of the application for insurance.

It is urged by plaintiff in error that the contract of insurance was completed by the approval of the application, as provided for by its terms. It is insisted by counsel for defendant in error that notice of the acceptance was necessary in order to constitute an obligation to pay the premium note; and that no notice having been furnished, and the policy not having been delivered until after a loss had been sustained on the crop, no recovery on the note can be had.

The questions presented and argued by counsel in this case have already been determined and passed upon in *Van Arsdale-Osborne Brokerage Co. v. Cooper*, 28 Okla. 598, 115 Pac. 779, under facts similar in their material aspects to the case under consideration. The testimony of the plaintiff as to the approval of the application on the day of its receipt at the Wichita office is not disputed; and, under the express terms of the application, from its approval by Van Arsdale & Osborne it constituted a binding obligation, not only on the defendant to pay the premium note, but upon the St. Paul Fire & Marine Insurance Company to pay any loss sustained by hail, upon compliance with the terms of the policy. The manual delivery of the policy was not essential to the validity of the contract of insurance. Not only was the application approved, but the policy was issued and placed in the envelope, stamped, and addressed to the defendant at Buf-

falo, Okla., being the address furnished them by him in his application. So that, even were a delivery necessary, the placing in the post office in the manner shown by the testimony would have constituted a sufficient delivery, though, in fact, not received by the addressee. *Van Arsdale-Osborne Brokerage Co. v. Cooper, supra; Western Union Telegraph Co. v. Allen,* 30 Okla. 229, 119 Pac. 981, 38 L. R. A. (N. S.) 348.

Counsel for defendant relies and insists that the case should be affirmed upon the authority of *Van Arsdale & Osborne v. Young,* 21 Okla. 151, 95 Pac. 778. We do not think so, and upon a careful reading of said opinion do not consider the rule announced in conflict with that of the later cases above cited. There it was said:

"So that, to have fixed any liability on the company, it was necessary that the application be accepted and approved at the home office of the company in St. Paul, Minn., and this prior to the time when the grain was cut, and, at farthest, September 15, 1902. This must have been shown by the actual approval, or by acts tantamount thereto. There was no evidence on this point before the court, and none offered."

In the present case the testimony of the approval of the application stands uncontradicted; and this alone, as we have already seen, sufficed to constitute a sufficient consideration for the payment of the premium note.

Nor is there merit in the argument that, defendant having sustained a loss prior to the delivery of the policy, proof of loss, according to the terms of the policy, could not have been made. See *Pacific Mutual Life Insurance Co. v. Adams et al.,* 27 Okla. 496, 112 Pac. 1026, where a number of the authorities upon this question are considered and reviewed.

The judgment of the trial court should be reversed and the cause remanded.

By the Court:   It is so ordered.