### STEWART et al. v. HEMPHILL et al. (No. 2033.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1922.)

Insurance ⊙⇒141(4) — Insured cannot avoid payment of premiums on accepted hail insurance because policy not countersigned by insurer's agents.

Where an application for hail insurance expressly provided for the assumption of liability by insurer at the expiration of 24 hours from the actual signing of the application, and that acceptance was complete on failure of insurer to notify insured of its rejection of the application within 72 hours after the signing thereof, and insurer did not only not notify insured of a rejection, but delivered a policy to him, insured could not avoid the payment of a note given for the premium on the ground that the policy was unenforceable because not countersigned by the agents of insurer as therein provided.

Appeal from Hale County Court; L. D. Griffin, Judge.

Action by A. G. Hemphill and another, partners, against J. E. Stewart and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Williams & Martin, of Plainview, for appellants.

Oxford & Baird, of Plainview, for appellees.

BOYCE, J. A. G. Hemphill and T. G. Harkey, partners, sued J. E. Stewart and others, on a note executed by Stewart, payable to Hemphill and Harkey, and to foreclose a chattel mortgage given to secure its payment. The defendant Stewart pleaded failure of consideration, and the other defendants adopted his answer. The defendants appeal from a judgment rendered by the trial court in plaintiff's favor.

The note was given in payment of a premium for hail insurance on Stewart's wheat and oat crop for the season of 1921. Hemphill and Harkey were agents at Plainview, Tex. for the National Union Fire Insurance Company of Pittsburg, Pa. At the time of the execution and delivery of the note to Hemphill and Harkey, Stewart executed and delivered to them an application to the said insurance company for such hail insurance. This application contained, among others, these provisions:

"I agree and notice is hereby accepted, that this company assumes liability for loss and damage by hail only to the crops described, beginning twenty-four hours from the hour and date of the actual signing of this application, and to continue for seventy-two hours thereafter, it being understood that this company will either issue a policy or notify me that the risk described is not acceptable within said seventy-two hours.

"I also agree that this application is made with specific reference to the 'policy stipulations and agreements,' statements and representations above contained and also as printed on the back hereof, a duplicate of which application is to be attached to my policy of insurance issued by the Bagley Investment Company, general agents of the hail department of the Calumet Department of the National Union Fire Insurance Company of Pittsburg, Pa., and in addition to the printed portion of said

policy constitutes my contract with said company."

This application was signed by Stewart, and the "policy stipulations and agreements" referred to as being on the back thereof were copies of the provisions of the policy as subsequently issued. This application was forwarded to the general agents of the insurance company, who issued a policy of hail insurance as applied for and in due time sent the same to Hemphill and Harkey at Plainview, Tex. The attesting clause of the policy was as follows:

"In witness whereof this company has executed and attested these presents but this policy shall not be valid until countersigned by the duly authorized and regularly commissioned agent of this company at ———."

The policy was signed by the secretary and president of the insurance company, and below their signatures appears the following: "Countersigned at———, this———day of ———, 192—. ———Agent." The following indorsement appears on the outside of the policy:

"Hail Policy. Policy No. 3096. Assured J. E. Stewart. Post office, Hale Center. State, Texas. R. 1. Amount insured, $1,500.00. Premium, $165.00. National Union Fire Insurance Company of Pittsburg, Pa., Calumet Department. When corresponding with the company regarding this policy be sure to quote the policy number. Address all communications to Bagley Investment Company, general agent, McPherson, Kan. Hemphill & Harkey, Agents, Grant Bldg., Plainview, Texas."

Hemphill & Harkey mailed this policy immediately after its receipt by them to Stewart. It was duly received by him, and he made no objections as to its terms or form, and on different occasions admitted liability on the note, and never raised any question as to the policy of insurance until after he was sued on the note in November, 1921.

Appellant's contention is that Stewart had no enforceable contract of insurance because the policy was not countersigned in accordance with its terms above quoted, and that consequently the note was without consideration. "In the absence of stipulations requiring some other act to be done, an acceptance by the insurer of the distinct proposal made by the applicant completes the contract, whether a policy be issued or not." Cooley, Briefs on Insurance, p. 428, Original & Supplement; Joyce on Insurance, § 55; C. J. vol. 26, p. 54; Van Arsdale-Osborne Brokerage & Commission Co. v. Cooper, 28 Okl. 598, 115 Pac. 779. In this case there is no provision making the issuance of a policy a prerequisite to the coming into effect of the insurance contract, but, on the contrary, it was expressly provided that liability was assumed at the expiration of 24 hours from the hour of the actual signing of the appli-

cation, and under the terms of the application acceptance was complete on failure of the insurance company to notify the insured of its rejection of the application within 72 hours after the signing thereof. The company not only did not notify the insured of a rejection of the application, but did issue a policy and deliver it to him in further evidence of its acceptance of the application. We do not doubt that the insurance contract was complete and the company liable in case of loss, though the policy, through some mistake or neglect or intentional omission, was not properly executed by the agents of the insurance company handling the transaction. National Union Fire Insurance Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050; Connecticut Fire Insurance Co. v. Fields (Tex. Civ. App.) 236 S. W. 790; Myers v. Insurance Co., 27 Pa. 268, 67 Am. Dec. 462; Hibernia Insurance Co. v. O'Connor, 29 Mich. 241; and authorities above cited.

It will be noted that a blank in the provision for countersigning was not filled in. The filling in of this blank was necessary to make certain the meaning of this clause, and it may be that in any event the clause should be entirely rejected. It may also be true that the indorsement on the back of the policy, signed by the agents, is a sufficient countersigning by the agents at Plainview if the policy should be held to require such counter signature for its validity. See Words and Phrases, vol. 2, p. 1651; Words and Phrases, vol. 1, Second Series, p. 1090; Richards v. Ritter Lumber Co., 158 N. C. 54, 73 S. E. 485, Ann. Cas. 1913D, 313. The holding first above announced is sufficient, however, to dispose of the case without consideration of the two suggestions just made.

We think the judgment of the trial court should be affirmed.